UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBARA R. CHILDS,

        Plaintiff,         Case. No. 19-11485

v.         Honorable Thomas L. Ludington
        Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE**

Plaintiff Barbara R. Childs brought this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act). ECF No. 1. The matter was referred to Magistrate Judge David R. Grand. ECF No. 11. The parties filed cross motions for summary judgment. ECF Nos. 10, 14. On July 13, 2020, Magistrate Judge Grand issued his Report and Recommendation, recommending that Defendant's motion for summary judgment be denied, that Plaintiff's motion for summary judgment be granted in part, and that the case be remanded to the Administrative Law Judge for further proceedings. ECF No. 16.

In his report, Magistrate Judge Grand described the decade-long procedural history of this case:

> On November 16, 2010, Childs filed an application for DIB, alleging disability as of November 19, 2009. (Tr. 221-22). Her application was denied initially on October 19, 2011. (Tr. 120-24). After an administrative hearing held on July 16, 2012 (Tr. 38-57), ALJ Andrew Sloss issued a written decision, dated August 6, 2012, finding that Childs was not disabled under the Act. (Tr. 97-106). On

> September 13, 2013, the Appeals Council issued an Order remanding the case to the ALJ for further administrative proceedings, including further evaluation of Childs' coronary artery disease and history of thyroid cancer. (Tr. 112-15).
>
> After remand, a second administrative hearing was held on January 13, 2014, before ALJ Sloss. (Tr. 58-76). On February 27, 2014, ALJ Sloss again denied Childs' application for DIB, finding that she was not disabled under the Act prior to September 30, 2012. (Tr. 16-30). On May 26, 2015, the Appeals Council denied review. (Tr. 1-4). As a result, Childs filed a federal court complaint on June 22, 2015. (Tr. 1275-77). On August 5, 2016, this Court issued a Report and Recommendation ("R&R") to grant Childs' motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the case for further proceedings. (Tr. 1258-73). The R&R was adopted over the Commissioner's objections by the Honorable Thomas L. Ludington on September 22, 2016. (Tr. 1252-57). As a result, on November 8, 2016, the Appeals Council issued an Order remanding the case once again, this time with instructions that it be assigned to a different ALJ. (Tr. 1278-82).
>
> After that remand, a third administrative hearing was held on June 15, 2017, before ALJ Kevin Fallis. (Tr. 1181-1226). Childs, who was represented by attorney Timothy MacDonald, testified at the hearing, as did vocational expert Stephanie Lorey. (Id.). On September 28, 2017, ALJ Fallis denied Childs' application for DIB, finding that she was not disabled under the Act prior to September 30, 2012. (Tr. 1153-70). On May 9, 2019, the Appeals Council denied review. (Tr. 1136-41). Childs timely filed for judicial review of that final decision on May 21, 2019. (ECF No. 1).

ECF No. 16 at PageID.1834–35. After reviewing the record and the cross-motions for summary judgment, Magistrate Judge Grand recommended that the case be remanded for further proceedings given a lack of substantial evidence to support ALJ Fallis' conclusions. *Id.* at PageID.1846. Magistrate Judge Grand summarized his findings as follows:

> In sum, the Court agrees with Childs that the ALJ "engaged in no meaningful analysis in identifying express limitations in her residual functional capacity related to pain, fatigue, medication side effects, ability to maintain attendance or stay on task secondary to coronary artery disease, two surgeries for cardiac stents or her thyroid cancer and related neck surgery." (ECF No. 10, PageID.1826) (footnote added). And, where, as here, an ALJ's decision selectively highlights pieces of record evidence that support his conclusion, while minimizing or failing to explain away other, significant, contrary pieces of evidence, his conclusion is not supported by "substantial evidence." *See Walker v. Comm'r of Soc. Sec.*, No. 12-11175, 2013 WL 2393178, at *13 (May 31, 2013); *see also Mukes v. Comm'r of Soc. Sec.*, 946 F. Supp. 2d 737, 747-48 (S.D. Ohio 2013) (ALJ erred in failing to consider all

>relevant evidence and instead relying only on evidence supporting her final conclusion).

ECF No. 16 at PageID.1845. Although the Report and Recommendation states that the parties could object to and seek review of the recommendation within 14 days of service, neither party timely filed any objections. The election not to file objections to the Report and Recommendation releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. *Id.*

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 16, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits.

It is further **ORDERED** that the case is **REMANDED** pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation, ECF No. 16.

Dated: September 3, 2020               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge